```
 1 | RANDY S. GROSSMAN
   | United States Attorney
 2 | MEGHAN E. HEESCH
   | Assistant U.S. Attorney
 3 | Minnesota Bar No.: 0395912
   | Office of the U.S. Attorney
 4 | 880 Front Street, Room 6293
   | San Diego, CA 92101
 5 | Tel: (619) 546-9442
   | Email: meghan.heesch@usdoj.gov
 6 |
   | Attorneys for Plaintiff
 7 | United States of America
```

**FILED**
DEC 1 5 2022
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 22-CR-1031-CAB |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| LUIGGE ALEXANDER COTA, | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, United States Attorney, and Meghan E. Heesch, Assistant United States Attorney, and defendant, LUIGGE ALEXANDER COTA, with the advice and consent of Paul W. Blake, counsel for defendant, as follows:

//
//
//
//
//
//
//

MEH:8/29/22

Def. Initials _____

I.  **THE PLEA**

   A.  **THE CHARGE**

Defendant agrees to plead guilty to count one of a two count Indictment, charging Defendant with:

### Count 1

Beginning on a date unknown to the grand jury and continuing up to May 5, 2022, within the Southern District of California and elsewhere, defendants JORGE EMMANUEL BOJORQUEZ DE LA CRUZ, LUIGGE ALEXANDER COTA, MIGUEL BACILIO-GONZALEZ, KELLON CHRISTOPHER MCCAW, TRAVIS BERNARD HILL, and DAYNE NICHOLAS WALKER, did knowingly and intentionally conspire with each other and other persons known and unknown to the grand jury, including Robert Lee Lewis, Jr. (charged elsewhere), to distribute 50 grams and more of methamphetamine (actual), and 500 grams and more of a mixture and substance containing a detectable amount of cocaine, both Schedule II Controlled Substances; all in violation of Title 21, United States Code, Sections 841(a)(1), 846.

   B.  **FORFEITURE**

The Defendant further agrees to the criminal, administrative and/or civil forfeiture of all properties seized in connection with this case which the Defendant agrees are subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 853 and 881. The Defendant further waives Defendant's right to receive timely notice of all forfeiture actions, including but not limited to, administrative forfeiture as set forth in 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this and all other criminal, administrative and civil proceedings. Defendant waives and disclaims defendant's interest, if any, in the properties to be forfeited as described above. Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property(ies) seized in connection with this case.

Defendant agrees that, following entry of Defendant's guilty plea, the Government need not hold or preserve any evidence seized in connection with this case. For any controlled substance seized in

connection with this case, Defendant agrees that, following entry of Defendant's guilty plea, the Government may destroy the controlled substance 30 days after the Government has provided Defendant with the laboratory analysis report. If Defendant believes that additional testing is needed, Defendant will arrange for and complete such testing within that 30-day period, unless that period is extended by joint written agreement or Court order, in which case the Government shall preserve the controlled substance for the agreed-upon or judicially mandated period. If the court has issued a preservation order in connection with any seized evidence, Defendant will request that the Court lift or revoke the preservation order following entry of Defendant's guilty plea.

## II

### NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED

The offense to which defendant is pleading guilty has the following elements:

1. There was an agreement between two or more persons to commit the crime of distributing methamphetamine and cocaine or some other federally controlled substance; and

2. Defendant became a member of the conspiracy knowing of its object to distribute methamphetamine and cocaine or some other federally controlled substance and intending to help accomplish that goal.

In addition, for purposes of sentencing, the Government would have to prove beyond a reasonable doubt that the amount of methamphetamine involved in the conspiracy offense was at least 50 grams of methamphetamine (actual) and the amount of cocaine involved in the conspiracy offense was at least 500 grams of cocaine, and that these federally controlled substances and quantities (1) fell within the scope

of the defendant's agreement with co-conspirators and (2) were reasonably foreseeable and in furtherance of the conspiracy.

B.    <u>ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS</u>

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crimes and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. Beginning in at least July 2021 and continuing through January 2022, defendant LUIGGE ALEXANDER COTA agreed with others to distribute methamphetamine and cocaine, both schedule II controlled substances, in the Southern District of California.

2. Specifically, Defendant's role in the conspiracy was to broker sales of cocaine and methamphetamine to others. Defendant had at least two suppliers of methamphetamine and cocaine and would coordinate with these suppliers when one of his co-conspirators needed drugs.

3. For example, on November 11, 2021, Defendant brokered an eight pound methamphetamine sale in Spring Valley, California (in the Southern District of California) between two co-conspirators. On November 15, 2021, Defendant again coordinated between these same two co-conspirators to have the money picked up from the eight pound methamphetamine sale.

4. Additionally, on January 11, 2022, Defendant brokered two different narcotics transactions. The first was a two kilogram cocaine transaction to bring to co-conspirator 1 in Spring Valley. The second was approximately 10 pounds of methamphetamine in El Cajon, California (in the Southern District of California) with co-conspirator 2. After co-conspirator 2 picked up the methamphetamine from Defendant in El Cajon, co-conspirator 2's vehicle was stopped by law enforcement and found to contain the 4.29 kilograms of methamphetamine (actual) picked up from Defendant.

5. Defendant facilitated the distribution of methamphetamine and cocaine and intended to help accomplish the object of the conspiracy to distribute methamphetamine and cocaine. Defendant agrees that it was reasonably foreseeable that the conspiracy was responsible for the distribution of at least 4.5 kilograms of methamphetamine (actual) and at least two kilograms of cocaine but less than 3.5 kilograms of cocaine. These federally controlled substances and quantities (1) fell within the scope of defendant's

agreement with co-conspirators and (2) were reasonably foreseeable and in furtherance of the conspiracy.

### III

### PENALTIES

Defendant understands that the crimes to which defendant is pleading guilty carry the following penalties:

A. a maximum of life in prison, and mandatory minimum 10 years;

B. a maximum $10,000,000 fine;

C. a mandatory special assessment of $100.00 per count;

D. a term of supervised release of at least 5 years and up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release; and

E. Possible ineligibility of certain federal benefits.

### IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages of trial;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of defendant; and

F. Not testify or have any adverse inferences drawn from the failure to testify.

//
//
//
//

5

Def. Initials [signature]
22-CR-1031-CAB

## V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.  Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea;

B.  No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C. No one has threatened Defendant or Defendant's family to induce this guilty plea;

D. Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

//
//

7

Def. Initials _/L_
22-CR-1031-CAB

## IX

## **SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation as to what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

## **PARTIES' SENTENCING RECOMMENDATIONS**

A.  SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

1. Base Offense Level [USSG § 2D1.1]                                    38
2. Safety Valve (if applicable) [§§ 2D1.1(b)(18) and 5C1.2]             -2*
3. Acceptance of Responsibility [§ 3E1.1]                               -3
4. Combination of Circumstances [§ 5K2.0]                               $-2^1$

---

[1] The recommendation for a combination of circumstances departure takes into account the expeditious resolution of the case in that Defendant did not file any motions and waived appeal.

Def. Initials ___
22-CR-1031-CAB

\*If defendant truthfully discloses to the Government all information and evidence the defendant has concerning the offense and relevant conduct, and if defendant otherwise qualifies for the "safety valve" in § 5C1.2, the Government will recommend a two-level reduction under § 2D1.1(b)(18).

B. ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the Government, the Court or probation officer; or

4. Breaches this plea agreement in any way.

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant **may** request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category, except that, if Defendant is determined to be a Career Offender, the parties agree that the Defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government agrees to recommend that Defendant be sentenced to the low end of the advisory guideline range calculated by the Government at sentencing.

G. SPECIAL ASSESSMENT/FINE

1. Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. The special assessment shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2. Fine

The parties will not recommend imposition of a fine due to Defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

H. SUPERVISED RELEASE

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least two-thirds of the term of supervised

10

Def. Initials _/s/_
22-CR-1031-CAB

release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel. If defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed

## XII

## BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

    A.    Failing to plead guilty pursuant to this agreement;

    B.    Failing to fully accept responsibility as established in Section X, paragraph B, above;

     C.    Failing to appear in court;

     D.    Attempting to withdraw the plea;

     E.    Failing to abide by any court order related to this case;

     F.    Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

     G.    Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the

Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

### XIII
### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

### XIV
### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//

## XV

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

_____  12/6/22
DATED

MEGHAN E. HEESCH
Assistant U.S. Attorney

_____ 11/23/22
DATED

PAUL W. BLAKE
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

11/29/22
DATED

LUIGGI ALEXANDER COTA
Defendant

Approved by: s/ Joshua C. Mellor
JOSHUA C. MELLOR
ASSISTANT U.S. ATTORNEY

Rev. 6/27/2017 JSS:dca

Def. Initials  LC
22-CR-1031-CAB